[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-10232

Non-Argument Calendar

————————————————

MORGAN STANLEY SMITH BARNEY LLC,
MORGAN STANLEY SMITH BARNEY FINANCING LLC,

                                          Plaintiffs-Appellees,

*versus*

IZHAR SHEFER,

                                          Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-21542-BB

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

Izhar Shefer appeals the denial of his motion to vacate the arbitration award entered against him and in favor of Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney Financing LLC. After Shefer resigned from his position as a financial advisor in 2017, Morgan Stanley commenced arbitration proceedings to recover $767,367.70 owed on eight promissory notes executed by Shefer during his employment. Shefer filed a counterclaim. The arbitration panel dismissed his counterclaim without prejudice as a sanction and permitted him a hearing on his motion to reinstate his counterclaim. The panel denied his motion. Shefer argues that the panel violated the Federal Arbitration Act by prohibiting him from filing a reply for his motion to reinstate, dismissing his counterclaim without first imposing lesser sanctions, and sanctioning him for the conduct of his attorney and spouse, Nera Shefer. We affirm.

In reviewing the denial of a motion to vacate an arbitration award, we review findings of fact for clear error and legal conclusions *de novo*. *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010). The presumption under the Act is that "arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible." *Id.*

Section 9 of the Act provides that, upon application of any party to the arbitration, "the court *must* confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the statute." *Id.*; *see* 9 U.S.C. § 9. Section 10 of the Act permits vacatur of arbitration awards in four narrow circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

Shefer failed to establish any statutory ground for vacating the award. *See id.* We disagree with Shefer's assertion that the arbitration panel is guilty of misconduct, *id.* § 10(3), for refusing to allow him to file a reply to Morgan Stanley's response to his motion

to reinstate his counterclaim. Shefer filed his counterclaim in January 2018. Over a year later, Shefer obtained leave to file an amended counterclaim, and Morgan Stanley agreed to a discovery extension because the Shefers' son was ill. The amended counterclaim alleged more than a dozen claims and requested $13.7 million total in compensatory and punitive damages. At the several-day hearing in July 2021, during her redirect examination of Shefer, Nera asked to withdraw as counsel due to disagreements over strategy. Shefer told the panel that he was discharging Nera and assured the panel that he had already found another attorney to continue the proceedings the next day. The panel ordered substitute counsel to appear the next morning, assessed fees against Shefer for the last-minute adjournment, and dismissed his counterclaim without prejudice. Nevertheless, the panel explained that it would hear argument the next day from Shefer's substitute counsel regarding why his counterclaim should be reinstated. But the next day, Nera told the panel that substitute counsel, who was Shefer's brother-in-law, could not represent Shefer due to a conflict identified late the previous evening. After Nera requested a continuance, Morgan Stanley moved to dismiss the counterclaims with prejudice for violating the panel's order and failing to notify Morgan Stanley of the conflict. The panel decided that Nera would continue to represent Shefer and ordered her to file a motion to reinstate his counterclaim within 48 hours. It provided Morgan Stanley a right of response but warned Shefer that it would receive no reply.

The arbitration panel is not "guilty of misconduct," *id.*, for not permitting Shefer to reply to Morgan Stanley's response to his motion to reinstate. Although Shefer argues that he was entitled to a reply because Morgan Stanley's response raised "new contentions" about Nera's performance—including that she failed to appear at or cancelled at least four appearances, failed to file various stipulations and witness subpoenas, and belatedly identified new witnesses—the record establishes that the panel was familiar with the reasons Nera provided, most of which concerned family circumstances, travel, and weather. The record confirms that the panel had good cause to expedite consideration of his motion to reinstate his counterclaim because his repeated failures to comply with directives caused the panel and Morgan Stanley undue delays.

For example, at the hearing on July 14, 2021, Nera told the panel that she and Shefer were unavailable to participate in the hearing due to a storm that interrupted their power and internet. That afternoon, Shefer testified for three hours before asking, during his cross-examination on the issue of damages, to adjourn because he needed to rest. Later, it was disclosed that Shefer instead met with his damages expert to discuss an updated expert report on that issue. The next day, the panel permitted an early adjournment due to Nera being "extremely overwhelmed" and needing a "long break." And the next day, the panel permitted several more breaks while Nera and Shefer decided whether to bring in substitute counsel. Shefer identifies no misconduct by the panel. *Id.*

Shefer argues that the arbitration panel exceeded its powers, *id.* § 10(4), by immediately resorting to dismissing his counterclaims as a sanction without first providing warnings or lesser sanctions. We disagree. The rules provide that a panel has broad discretion to craft sanctions for a party's failure to comply with rules; indeed, the panel "may dismiss a claim, defense or arbitration with prejudice as a sanction for material and intentional failure to comply with an order of the panel if prior warnings or sanctions have proven ineffective." Financial Industry Regulatory Authority ("FINRA") Rule 13212(c). The record contains evidence of sanctionable conduct by Nera that extended from several failures to attend pre-hearing conferences and timely file witness lists and briefs, as required by the FINRA rules, to disregarding directives by the panel to file her exhibit stipulations, failing to confirm witness schedules, belatedly identifying a new witness, calling witnesses that she previously confirmed would not testify during the hearing, and failing to timely produce expert reports, as required by the FINRA rules. *See, e.g.*, FINRA Rules 13208, 13512, 131514; *see also* FINRA Rule 13212(a) (providing that the panel may impose sanctions for failing to comply with "any provision in the Code.").

The record refutes Shefer's argument that the panel provided *no* warnings or sanctions before dismissing his counterclaim with prejudice. The panel's first sanction occurred on July 16, 2021, several days into the hearing after the Shefers caused multiple delays. After Nera asked *during* Shefer's testimony to withdraw from the representation, the panel sanctioned Shefer by assessing fees against Shefer for the last-minute adjournment and ordering

substitute counsel to appear the next day. Although the panel also dismissed Shefer's counterclaim, it did so without prejudice and clarified that substitute counsel would be permitted to argue the next day for reinstatement of the counterclaim. After the Shefers still failed to comply with the order for substitute counsel to file a notice of appearance and failed to notify opposing counsel of the conflict, Morgan Stanley moved for dismissal with prejudice of the counterclaim. But the panel provided Shefer a final opportunity at arbitrating his counterclaim by ordering him to file a motion to reinstate the counterclaim. After a hearing on that motion, the panel declined to reinstate the counterclaim and dismissed it with prejudice. Moreover, the panel explained that it received his "pleadings, testimony, and evidence" but that his "request for damages [was] unpersuasive" and that it was "highly improbable [that] he would have prevailed on his [c]ounterclaim under the best circumstances." The panel did not exceed its powers by dismissing Shefer's counterclaim after providing him several opportunities to conform to its directives, particularly in the light of the series of delays and uncertainty that the breakdown of his relationship with his attorney-spouse caused the panel and opposing counsel. *See* 9 U.S.C. § 10(4).

Shefer also argues that the panel exceeded its powers, *id.*, by sanctioning him for conduct solely attributable to his attorney-spouse because "there was no indication that [Shefer himself] played any role in his counsel's supposedly problematic conduct." We discern no error. At a minimum, the record establishes that Shefer's own conduct—including requesting an early adjournment

during his testimony due to fatigue to instead consult with experts on the subject matter of his testimony as well as deciding to discharge his attorney-wife during his testimony—contributed to the panel's resort to sanctions. Shefer identifies no reason not to defer to the arbitrator's decision. *See Frazier*, 604 F.3d at 1321.

We **AFFIRM** the order confirming the arbitration award in favor of Morgan Stanley and denying Shefer's motion to vacate the award.